■ JOSEPH A. LUKES, Appellant, v. DARNETT REALTY CORPORATION et al., Respondents.— Appeal by plaintiff from a judgment of the Supreme Court, Trial Term, Greene County, entered upon a verdict in favor of plaintiff for $2,500 and from an order denying plaintiff's motion to set aside the verdict as inadequate and for a new trial. The action, in negligence, is to recover for injuries sustained by plaintiff when he was struck by stonework which fell from a building. About eight months prior to this accident he was struck and injured by glass which fell from a skylight and his action to recover damages resulted in a payment to him. There was medical proof that the first accident caused post-traumatic epilepsy and plaintiff testified that from time to time after that accident he suffered from convulsive seizures, with loss of consciousness, and from headaches. The physicians who testified for plaintiff upon the trial of the action arising out of the second accident said that the second accident caused an aggravation of the condition which resulted from the first and plaintiff testified that after the second accident his seizures were more frequent and of greater intensity and that his headaches, also, were more frequent and more severe. One of defendants' medical experts found no aggravation of the condition which pre-existed the second accident and the other denied the existence of any epilepsy. The injuries and their sequelae alleged to have been aggravated by the second accident were set forth in plaintiff's bill of particulars in the prior action and were therein claimed to be permanent. Upon the evidence and under the court's charge, the jury could properly find that plaintiff's original injuries and the conditions arising from them were not aggravated by the second accident and could thereupon award damages for a cerebral concussion, with loss of consciousness, clearly caused by the second accident, and for resultant headaches, dizziness, pain and suffering, as well as for that portion of the proven special damages which should be found attributable to those injuries only. We

are unable to say that the verdict was in any sense inadequate. Judgment and order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.